Cause No. DC-14-13172
*Zella EVANS v. Midland Funding LLC, et al.*
192nd District Court of Dallas County, Texas

## INDEX OF DOCUMENTS

Docket Sheet

11/11/14        Original Petition

11/13/14        Defendants' Original Answer and Affirmative Defenses

509848.1

# REGISTER OF ACTIONS
## CASE NO. DC-14-13172

| ZELLA EVANS vs. MIDLAND FUNDING LLC, et al | | |
|---|---|---|
| | § | Case Type: **OTHER (CIVIL)** |
| | § | Date Filed: **11/11/2014** |
| | § | Location: **192nd District Court** |
| | § | |
| | § | |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| DEFENDANT | ENCORE CAPITAL GROUP INC | **AIMEE SZYGENDA**<br>*Retained*<br>214-445-2410(W) |
| DEFENDANT | MIDLAND CREDIT MANAGEMENT INC | **AIMEE SZYGENDA**<br>*Retained*<br>214-445-2410(W) |
| DEFENDANT | MIDLAND FUNDING LLC | **AIMEE SZYGENDA**<br>*Retained*<br>214-445-2410(W) |
| PLAINTIFF | EVANS, ZELLA M | **WILLIAM ROSS TETER**<br>*Retained*<br>214-850-8095(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 11/11/2014 | NEW CASE FILED (OCA) - CIVIL |
|---|---|
| 11/11/2014 | ORIGINAL PETITION |
| 11/13/2014 | ORIGINAL ANSWER - GENERAL DENIAL |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **PLAINTIFF** EVANS, ZELLA M | | | |
| Total Financial Assessment | | | 15.00 |
| Total Payments and Credits | | | 15.00 |
| **Balance Due as of 11/13/2014** | | | **0.00** |
| | | | |
| 11/11/2014 | Transaction Assessment | | 15.00 |
| 11/11/2014 | PAYMENT (CASE FEES)   Receipt # 65655-2014-DCLK | TETER, WILLIAM ROSS | (15.00) |



IN THE 192nd. JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| ZELLA M. EVANS | § | |
| | § | |
| VS. | § | NO. 192nd-K-DC-14451 |
| | § | |
| MIDLAND FUNDING LLC, | § | RITA RODGERS |
| MIDLAND CREDIT MANAGEMENT INC., | § | |
| ENCORE CAPITAL GROUP INC. | § | |

## PLAINTIFF'S ORIGINAL PETITION

ZELLA M. EVANS ("Plaintiff") files this petition pursuant to *Chapter 12, Texas Civil Practice & Remedies Code*, against MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT INC. and ENCORE CAPITAL GROUP INC.

### *I. DISCOVERY LEVEL*

1.   Discovery will be conducted under Level 2 of *Texas Rule of Civil Procedure 190.*

### *II. PARTIES*

2.   Plaintiff is a resident of Dallas County, Texas.

3.   MIDLAND FUNDING LLC ("Midland Funding") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 8875 Aero Drive, San Diego, California 92123.   MIDLAND FUNDING may be served with process at the offices of its registered agent:

> Service Company dba
> CSC - Lawyers Incorporating Service Company
> 211 East 7th Street, Suite 620
> Austin, Texas 78701-3218

4.   MIDLAND CREDIT MANAGEMENT INC. ("Midland Credit Management") is a corporation organized and existing under the laws of the State of Kansas with its principal place of business at 8875 Aero Drive, San Diego, California 92123.   MIDLAND CREDIT

MANAGEMENT may be served with process at the offices of its registered agent:

Service Company dba
CSC - Lawyers Incorporating Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

5.   ENCORE CAPITAL GROUP INC. ("Encore Capital Group") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 8875 Aero Drive, San Diego, California 92123.  ENCORE CAPITAL GROUP has not designated a registered agent in the State of Texas and may be served with process at the offices of:

TEXAS SECRETARY OF STATE
1019 Brazos Street
Austin, Texas 78701

### III. JURISDICTION AND VENUE

6.   Plaintiff seeks monetary relief in an amount over $100,000 but not more than $200,000. *Tex. R. Civ. P. 47 (c)(3).*

7.   The Court has jurisdiction over the claims brought by Plaintiff and the amount in controversy exceeds the minimum jurisdictional limit of this Court.

8.   The Court has jurisdiction over Defendants and venue is proper because the cause of action relates to Defendants' contacts with Plaintiff in Dallas County, Texas.

### IV. FACTUAL BACKGROUND

9.   MIDLAND FUNDING sued Plaintiff to recover a disputed consumer debt in cause number CC-10-05770-C, County Court at Law No. 3, Dallas County, Texas.

10.   MIDLAND FUNDING filed pleadings signed by its attorneys, FULTON, FRIEDMAN & GULLACE, alleging that MIDLAND FUNDING was the assignee of a creditor with standing to invoke the Court's subject matter jurisdiction.

11. Judgment was rendered against Plaintiff on January 27, 2011.

12. Abstract of Judgment may have been issued and filed.

13. On information and belief, Plaintiff will show:

    (a)    The Judgment is void for lack of standing by MIDLAND FUNDING to invoke the Court's subject matter jurisdiction.

    (b)    The void Judgment resulted from FRAUD ON THE COURT committed by MIDLAND FUNDING and its attorneys acting together with MIDLAND CREDIT MANAGEMENT and ENCORE CAPITAL GROUP.

    (c)    The official records of Dallas County Courts do not reflect that any creditor transferred or assigned a cause of action to MIDLAND FUNDING relating to Plaintiff.

    (d)    Plaintiff was never notified by any creditor that a cause of action was transferred or assigned to MIDLAND FUNDING.

    (e)    Neither MIDLAND FUNDING nor any creditor complied with *Section 12.014, Texas Property Code,* relating to the transfer and assignment of a cause of action against Plaintiff.

    (f)    Pleadings filed by MIDLAND FUNDING alleged FALSELY and FRAUDULENTLY that MIDLAND FUNDING was the assignee of a creditor with standing to invoke the subject matter jurisdiction of the Court.

    (g)    MIDLAND FUNDING's attorneys signed the false and fraudulent pleadings without a good faith belief formed after reasonable inquiry that the allegations of standing to invoke the Court's subject matter jurisdiction were true.

(h) MIDLAND FUNDING and MIDLAND CREDIT MANAGEMENT made and used FALSE and FRAUDULENT documents (affidavits and business records) to misrepresent to the Court that MIDLAND FUNDING had standing to invoke the Court's subject matter jurisdiction.

(i) MIDLAND FUNDING's attorneys used the false and fraudulent documents (affidavits and business records) made by MIDLAND FUNDING and MIDLAND CREDIT MANAGEMENT to invoke the Court's subject-matter jurisdiction without a good faith belief formed after reasonable inquiry that the allegations of standing were true.

(j) At all relevant times the attorneys for MIDLAND FUNDING knew. but failed to disclose to the Court rendering judgment, that MIDLAND FUNDING, MIDLAND CREDIT MANAGEMENT and ENCORE CAPITAL GROUP have for years:

- **SYSTEMATICALLY DECEIVED TEXAS COURTS AND UNDERMINED THE FAIRNESS OF THE JUSTICE SYSTEM ON A MASSIVE SCALE;**
- **FILED FALSE AFFIDAVITS IN DEBT COLLECTION SUITS;**
- **MISLED TEXAS COURTS INTO CONCLUDING THAT AFFIDAVITS AND OTHER DOCUMENTS ARE TRUE WHEN THEY ARE NOT;**
- **OBTAINED JUDGMENTS BASED ON AFFIDAVITS THAT ARE FALSE; AND**
- **ASSERTED JUDGMENT LIENS THAT WERE FRAUDULENTLY OBTAINED.**

(k) MIDLAND FUNDING and its attorneys. used the false pleadings to deceive Plaintiff and the Court into a false belief that it was the assignee of a creditor with standing to invoke the Court's subject matter jurisdiction.

(l) The void Judgment is a "fraudulent court record".

(m) The Abstract of Judgment, if any, is a "fraudulent court record" and "fraudulent judgment lien".

(n) MIDLAND FUNDING, MIDLAND CREDIT MANAGEMENT and ENCORE CAPITAL GROUP planned, managed and have profited from the making and use of the void, false and fraudulent Judgment.

(o) MIDLAND FUNDING and MIDLAND CREDIT MANAGEMENT have used, and are continuing to use, the fraudulent Judgment in its collection attempts.

(p) ENCORE CAPITAL GROUP has used, and is continuing to use, the void, false and fraudulent Judgment in its business of managing and selling interests in void and fraudulent Judgments as junk bonds, collateralized debt obligations and other asset backed securities without disclosing that the judgments are false, fraudulent and void.

(q) The void Judgment has not been vacated.

(r) The Abstract of Judgment may be in full force and effect.

(s) Plaintiff has made partial payments on the void Judgment.

(t) Credit reports continue to reflect that the Judgment is valid and unsatisfied.

(u) Plaintiff has suffered, and is continuing to suffer, financial injury, mental anguish and emotional distress as a result of the void and fraudulent Judgment.

14. In September, 2014, Plaintiff first learned from a press release[1] issued by the Texas Attorney General in conjunction with its investigation of Consumer Fraud by Defendants that:

**The Texas Attorney General had charged MIDLAND FUNDING, MIDLAND CREDIT MANAGEMENT and ENCORE CAPITAL GROUP with defrauding the Texas judicial system by knowingly submitting false affidavits to Texas Courts.**

15. Prior to learning these facts, Plaintiff did not know or have reason to believe that MIDLAND FUNDING and its attorneys had committed FRAUD ON THE COURT by making and using false and fraudulent documents to invoke the Court's subject matter jurisdiction.

### V. CLAIMS

16. Defendants have violated *Chapter 12, Texas Civil Practice & Remedies Code*, by making and using documents (the void Judgment and the Abstract of Judgment, if any) with:

   (a)   knowledge that the void Judgment was a "fraudulent court record" and the Abstract of Judgment, if any, was a "fraudulent court record" and "judgment lien" against real property,

   (b)   intent that the documents be given the same legal effect as a court record and judgment lien of a court created by or established under Texas law, and

   (c)   intent to cause Plaintiff to suffer financial injury, mental anguish and emotional distress.

### VI. DAMAGES

17. Plaintiff has suffered financial injury, mental anguish and emotion distress as a result of the violations of *Chapter 12, Texas Civil Practice & Remedies Code*, for which Plaintiff seeks an award of actual damages.

18. The damages suffered by Plaintiff were the result of fraud committed knowingly and intentionally by Defendants for which Plaintiff seeks exemplary damages.

### VII. INJUNCTION

19. Defendants have caused Plaintiff to suffer irreparable financial harm and injury for which there is no adequate remedy at law, and Defendants will continue to do so unless and until prohibited by permanent injunction from:

   (a)   Violating *Chapter 12, Texas Civil Practice & Remedies Code*.

   (b)   Attempting to collect the void and fraudulent Judgment;

   (c)   Failing to refund all payments on the Judgment;

(d)  Failing to vacate the Judgment;

(e)  Failing to withdraw any Abstract of Judgment from all court and public records;

(f)  Failing to correct and withdraw all credit reports relating to the Judgment, and

(g)  Causing Plaintiff to suffer financial injury, mental anguish and emotional stress as a result of fraudulent by Defendants.

## VIII. EQUITABLE DISGORGEMENT

20.  Defendants have received income and other financial benefits by using the Judgment in its business of managing and selling interests in judgments as junk bonds, collateralized debt obligations and other asset backed securities.

21.  Plaintiff seeks an order compelling Defendants to disgorge all such income and financial gains funds.

## IX. ATTORNEYS FEES

22.  Plaintiff seeks an award of attorney fees in a reasonable amount for all necessary legal services through final judgment.

## X. REQUEST FOR RELIEF

23.  PREMISES CONSIDERED, Plaintiff requests the Court to:

(a)  Render judgment against Defendants;

(b)  Award actual damages;

(c)  Award exemplary damages;

(d)  Order injunctive relief;

(e)  Order equitable disgorgement;

(f)  Award reasonable and necessary attorney's fees; and

(g)  Grant such other and further relief as Plaintiff may be entitled.

**TETER LAW FIRM**
P. O. Box 815823
Dallas, TX 75381-5823

**ROSS TETER**
Texas Bar No. 19811000
(214) 850-8095 / Fax (972) 243-2510
rossteter.attorney@gmail.com

*Attorney for Plaintiff*

ENDNOTE
1.

# Attorney General Abbott Charges Encore Capital Group with Violating Texas Debt Collection Laws

### *State's enforcement action cites Encore for employing unlawful tactics against debtors, relying upon "robo-signers" to sign thousands of false affidavits*

**HOUSTON** Texas Attorney General Greg Abbott today charged Encore Capital Group, Inc. with falsifying and robo-signing affidavits, attempting to collect debts based upon inaccurate or incomplete account information, and employing unlawful and deceptive debt collection tactics. The State's enforcement action cites the defendants for committing multiple violations of Texas debt collection laws and the Texas Finance Code. Encore, which is one of the nation's largest debt collection companies, and its subsidiaries Midland Funding, LLC and Midland Credit Management, Inc. are named as defendants in the case.

According to state investigators, Midland Funding purchased debt portfolios from a broad spectrum of creditors for pennies on the dollar. As the purchaser of the debt, the defendants attempted to collect the money that was allegedly owed to various creditors. However, the defendants' debt collection letters contained very little information about the debt they were attempting to collect, provided no supporting documentation, and included no proof that they actually acquired the debt from the original creditor. When Texans contacted the defendant to dispute the legitimacy of an alleged debt or seek additional information, the defendants made little or no effort to investigate or verify whether their collection efforts were proper.

Court documents filed by the State indicate the defendants sometimes even used

Plaintiff's Original Petition                                                                 Page 8

incomplete or inaccurate account information, targeted the wrong individuals for collection and attempted to collect debts that had been fully or partially paid. As a result, some Texans unnecessarily suffered financial hardships, such as refinance their home.

When individuals refused to comply with Midland Funding's improper collection efforts, the defendants hired attorneys to sue the accused debtors. Court documents reveal that the defendants' lawyers filed breach of contract lawsuits demanding principal, interest and attorneys' fees. The defendants have filed more than 60,000 lawsuits in Texas since 2002. According to state investigators, the defendants' lawsuits contained inaccurate information and used false statements to claim they were owed certain debts.

To protect Texans from being sued for debts they did not actually incur, the law may require that debt collectors verify the validity of their claims through sworn affidavits. However, the defendants submitted falsified affidavits, which the courts relied upon as proof that the debt collector properly verified the identity of the debtor and the amount owed.

The State's investigation revealed that the defendants also employed robo-signers to supply the legally required verification. Court documents filed by the State indicate the defendants' robo-signers routinely signed more than 300 affidavits per day and did not actually review the underlying credit agreements or the alleged debtor's payment history.  In sworn testimony provided to state investigators, the

**defendants' robo-signers acknowledged that they also had no personal knowledge of the original debt or the defendant's acquisition of the debt portfolios which was contrary to the information contained in sworn affidavits that these defendants filed with the courts.**

Because the court presumed the falsified affidavits were truthful, judges relied upon them to issue judgments against debtors. As a result, the

**Texas Attorney General charged the defendants with defrauding the Texas judicial system by knowingly submitting false affidavits to state courts.**

Because 90 percent of the defendants' lawsuits named individuals who were not represented by counsel, these purported debtors did not have lawyers to challenge the legitimacy of the defendants' claims.  As a result,

**default judgments were improperly entered based upon the defendants' falsified affidavits.**

FILED
DALLAS COUNTY
11/13/2014 11:46:55 AM
GARY FITZSIMMONS
DISTRICT CLERK

## CAUSE NO: DC-14-13172

| | | |
|---|---|---|
| **ZELLA M. EVANS** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **192nd JUDICIAL DISTRICT** |
| | § | |
| **MIDLAND FUNDING LLC,** | § | |
| **MIDLAND CREDIT MANAGEMENT,** | § | |
| **INC. ENCORE CAPITAL GROUP, INC.** | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |


### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Midland Funding LLC, Midland Credit Management, Inc. and Encore Capital Group, Inc. (collectively the "Midland Defendants") file this their Answer to Plaintiff's Original Petition (the "Petition") and would respectfully show the Court the following:

### General Denial

1.      The Midland Defendants generally deny each of the allegations in Plaintiff's Petition and demand strict proof thereof.

### Affirmative Defenses

2.      Plaintiff's claims against the Midland Defendants are barred by the doctrine of collateral estoppel.

3.      Plaintiff's claims against the Midland Defendants are barred by the doctrine of res judicata.

4.      Plaintiff's claims are barred in whole because Plaintiff released her claims against the Midland Defendants.

### Exemplary Damage Cap

5.      The Midland Defendants deny any liability for exemplary damages.  In the unlikely event that the trial of this cause results in the finding of exemplary or punitive damages, the Midland Defendants hereby invoke the statutory limitations on the amount of recovery as found in Chapter 41 of the Tex. Civ. Prac. & Rem. Code, as well as the limitations on the amount of punitive damages inherent under the due process clause of the United States Constitution, Fourteenth Amendment.  The Midland Defendants allege and give notice of an intention to rely upon all provisions of Chapter 41 of the Tex. Civ. Prac. & Rem. Code regarding the limitation of, preclusion of, burden of proof associated with, and the right to a bifurcated trial with respect to, any exemplary damages sought by Plaintiff in this case.

For the reasons stated above, Midland Funding LLC, Midland Credit Management, Inc. and Encore Capital Group, Inc. request Plaintiff takes nothing by her Petition, and for such other and further relief for which it may be entitled.

Respectfully submitted,

MCGLINCHEY STAFFORD

By: /s/ Aimee G. Szygenda
    GREGG D. STEVENS
    STATE BAR NO. 19182500
    AIMEE G. SZYGENDA
    STATE BAR NO. 24027054
    2711 N. HASKELL AVENUE,
    SUITE 2750, LB 38
    DALLAS, TEXAS 75204
    TELEPHONE: (214) 445-2445
    FACSIMILE: (214) 445-2450
    Email:  gstevens@mcglinchey.com
           aszygenda@mcglinchey.com

    ATTORNEYS FOR DEFENDANTS MIDLAND
    FUNDING LLC, MIDLAND CREDIT
    MANAGEMENT, INC. AND ENCORE CAPITAL
    GROUP, INC.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was sent *via Facsimile and E-Service* to all counsel of record, on this the 13th day of November, 2014.

        /s/ Aimee G. Szygenda
        AIMEE G. SZYGENDA